UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GARRICK COX MD LLC,<br><br>Plaintiff,<br><br>v.<br><br>CIGNA HEALTHCARE,<br><br>Defendant. | Civil Action No.<br><br>16-4611 (SDW) (LDW)<br><br><br>**REPORT AND RECOMMENDATION** |

**LEDA DUNN WETTRE, United States Magistrate Judge**

Before the Court is plaintiff Garrick Cox MD LLC's motion pursuant to 28 U.S.C. § 1447(c) to remand this action to the Superior Court of New Jersey, Law Division, Passaic County. (ECF No. 5). United States District Judge Susan D. Wigenton referred this motion to the undersigned for a Report and Recommendation. Having considered the parties' submissions, for the reasons set forth herein, and for good cause shown, this Court recommends that the motion to remand be **GRANTED**.

## I. BACKGROUND

Plaintiff commenced this action in the Superior Court of New Jersey, Law Division, Passaic County, on June 6, 2016. (Compl., ECF No. 1). The two-page Complaint alleged two claims against defendant, Cigna Healthcare, sounding in contract and estoppel. (*Id.*). Plaintiff asserted that Defendant authorized it to perform surgery on various of Defendant's insureds, but then failed to pay the full amounts that Plaintiff subsequently billed. (*Id.*). Plaintiff characterized the billed amounts as the "reasonable customary and usual value" of such medical services. (*Id.*).

A schedule attached to its complaint indicated the total amount billed as $825,025.00 and the cumulative amount that Defendant paid as $59,725.16, leaving $765,299.79 outstanding.[1] (Compl. Sched. A., ECF No. 1).

On July 27, 2016, Defendant removed the action to this Court on federal-question grounds, under 28 U.S.C. § 1331. (Notice of Removal, ECF No. 1). Defendant asserted that section 502 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, preempts Plaintiff's state-law claims that seek reimbursement for medical services rendered to members of an ERISA plan, thus conferring jurisdiction on this Court. (*Id.*).

## II. LEGAL ANALYSIS

Plaintiff now moves to remand the action to the New Jersey Superior Court, pursuant to 28 U.S.C. § 1447(c). (ECF No. 5). Plaintiff reiterates its allegation that Defendant authorized the subject surgeries and "promised usual, reasonable and customary payment." (Letter Br. in Supp., ECF No. 5, at 1). It argues that ERISA § 502 does not preempt its claims, as it seeks to recover only for breach of contract under state law, without reliance on benefits or assignments under an ERISA plan. (*Id.* at 2–3). Regarding the agreements allegedly underlying the action, Plaintiff asserts that "Defendant by giving pre-certification authorization entered into a contract with Plaintiff wherein Plaintiff providers [sic] medical services to [Defendant's] insured and [Defendant] agrees to pay Plaintiff usual reasonable and customary fees." (*Id.* at 3).

Plaintiff supports its motion with the affidavit of Deborah Christy, Plaintiff's accounts manager. (Christy Aff., ECF No. 5). She certifies that, as Plaintiff is not within Defendant's

---

[1] The Court notes a five-cent discrepancy in these numbers, but scrutiny of the amounts in question is unwarranted at this juncture.

2

provider network, when one of Defendant's insureds seeks surgery, the "office obtains approval by the insurance company for one of our surgeons to perform the surgery with an implied promise that the insurance company will pay customary, usual and reasonable fees." (*Id.* at 1–2). She includes as exhibits "the authorizations precertification" pertaining to the subject patients. (*Id.*).

Defendant, in opposition, contends that "there is absolutely no evidence beyond Plaintiff's self-serving allegations to suggest that an oral contract existed between Plaintiff and [Defendant]," concluding that Plaintiff's claims rely entirely on obligations arising from the insureds' ERISA plans. (Letter Br. in Opp'n, ECF No. 7, at 1). It urges that the one pre-certification form from Defendant that Plaintiff introduced as evidence included a disclaimer conditioning payment for the services to be rendered on "medical necessity, plan provisions and eligibility at the time of service." (*Id.* at 2). Similarly, Defendant contends that its telephone system routinely played an introductory recording for calling healthcare providers that indicated that payment was "subject to all benefit plan provisions." (*Id.* at 3; Salazar Decl., ECF No. 7). Based on this clause, and the lack of any proof that Defendant promised to pay usual and customary rates, Defendant argues that any reimbursement must be premised on ERISA plan terms, making analysis of such plan or plans central to the action. (Letter Br. in Opp'n, ECF No. 7 at 2–3).

The applicable removal statute prescribes remand of a removed action "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The burden falls on the removing party to demonstrate that the case is properly before the Court. *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007); *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992). Furthermore, removal statutes are "strictly construed, with all doubts to be resolved in favor of remand." *Brown v. JEVIC*, 575 F.3d 322, 326 (3d Cir. 2009); *Batoff*, 977 F.2d at 851; *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).

Federal courts have, per statute, "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Pursuant to the "well-pleaded complaint rule," a plaintiff is considered master of the complaint and a Court typically decides whether a claim "arises under" federal law by examining the allegations in the Complaint. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392–93 (1987); *Wood v. Prudential Ins. Co. of Am.*, 207 F.3d 674, 678–79 (3d Cir. 2000); *Joyce v. RJR Nabisco Holdings Corp.*, 126 F.3d 166, 171 (3d Cir. 1997). Where, however, Congress has completely preempted a particular area of law, claims asserted in that area will be considered federal whether they are pleaded as federal or not. *Davila*, 542 U.S. at 207–08; *Caterpillar Inc.*, 482 U.S. at 393; *Wood*, 207 F.3d at 679; *Joyce*, 126 F.3d at 171.

The Supreme Court of the United States has recognized that ERISA § 502 functions to preempt all claims bearing on rights or seeking relief that could be raised under that provision. *Davila*, 542 U.S. at 208–09 ("[T]he ERISA civil enforcement mechanism is one of those provisions with such extraordinary pre-emptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule. Hence, causes of action within the scope of the civil enforcement provisions of § 502(a) are removable to federal court." (internal quotation marks and alterations omitted)); *see also Menkes v. Prudential Ins. Co. of Am.*, 762 F.3d 285, 294 (3d Cir. 2014); *Wood*, 207 F.3d at 679; *Joyce*, 126 F.3d at 171–72. Section 502 permits a "participant or beneficiary" to bring an action "to recover benefits due to him under the terms of his plan, to enforce the rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1332(a)(1).

The preemption effected by § 502 is broad and may preempt even state law claims seeking relief not available under ERISA. *Davila*, 542 U.S. at 214–16; *Menkes*, 762 F.3d at 293; *Wood*,

207 F.3d at 679. The Supreme Court, in *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004), established a two factor test, finding that a claim is preempted by ERISA § 502 (and thus falls within a district court's subject matter jurisdiction) if (1) "an individual, at some point in time, could have brought his or her claim under ERISA § 502(a)(1)(B)" and (2) "no other independent legal duty . . . is implicated by a defendant's actions." *Davila*, 542 U.S. at 210; *see also N.J. Carpenters & Trs. Thereof v. Tishman Constr. Corp.*, 760 F.3d 297, 303 (3d Cir. 2014); *Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400 (3d Cir. 2004); *Emergency Physicians of St. Clare's v. United Health Care*, Civ. A. No. 14-404 (ES), 2014 WL 7404563, at *2–6 (D.N.J. Dec. 29, 2014).

In assessing whether Plaintiff's claims are preempted by ERISA § 502, the Court must therefore first assess whether Plaintiff could have brought its claims under that statute. ERISA expressly limits those who may bring a § 502 claim to "participant[s]" and "beneficiar[ies]," and there appears to be no dispute that Plaintiff intrinsically would fall into neither of those categories.[2] Nonetheless, the Court of Appeals for the Third Circuit has established that medical providers may gain standing to bring a § 502 claim by receiving an express assignment of rights from a patient who received covered medical services. *N. Jersey Brain & Spine Ctr. v. Aetna, Inc.*, 801 F.3d 369, 372–73 (3d Cir. 2015); *see also Cohen v. Horizon Blue Cross Blue Shield*, Civ. A. No. 15-4525 (JLL), 2015 WL 6082299, at *3 (D.N.J. Oct. 15, 2015); *Elite Orthopedic & Sports Med. PA v. Aetna Ins. Co.*, Civ. A. No. 14-6175 (KSH), 2015 WL 5770474, at *3 (D.N.J. Sept. 30, 2015);

---

[2] A "participant" is defined as "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002(7). A "beneficiary" is defined as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

*Emergency Physicians of St. Clare's*, 2014 WL 7404563 at *3. Among the records and evidence before the Court, there is no evidence, or even allegation, that any insured patient assigned any rights to Plaintiff or that Plaintiff otherwise would have standing to bring an ERISA § 502 claim.[3] Accordingly, Defendant has failed to meet its burden of establishing that Plaintiff could have asserted its claims under § 502. *See Emergency Physicians of St. Clare's*, 2014 WL 7404563 at *4–5; *MedWell, LLC v. Cigna Healthcare*, Civ. A. No. 13-3998 (FSH), 2013 WL 5533311, at *4 (D.N.J. Oct. 7, 2013); *cf. Elite Orthopedic & Sports Med. PA*, 2015 WL 5770474 at *1 & n.1, *3 (denying remand based on submissions by the defendant of claim forms indicating assignments of rights to the plaintiff from the beneficiary patients).

Although the Third Circuit has stressed that the two prongs of the ERISA preemption test are conjunctive, and that a party must therefore demonstrate both in order to establish jurisdiction, *N.J. Carpenters*, 760 F.3d at 303, the Court will nonetheless take this opportunity to examine the second element: whether Plaintiff's claims rely on legal duties independent of those created by an ERISA plan. Plaintiff alleges that its claims are premised on promises, apparently in the form of surgery pre-certifications, that Defendant would reimburse Plaintiff for services rendered at usual and customary rates. (Compl., ECF No. 1; Letter Br. in Supp., ECF No. 5). Defendant counters that no evidence of such independent agreements exists and that Plaintiff received notice that payments would be governed by the terms of the plan. (Letter Br. in Opp'n, ECF No. 7).

A duty is considered to be independent "if it is not based on an obligation under an ERISA plan, or if it would exist whether or not an ERISA plan existed." *N.J. Carpenters*, 760 F.3d at 303 (internal quotation marks omitted). While a state-law claim generally will be preempted if

---

[3] Indeed, the only reference to standing anywhere on the docket appears to be Defendant's assertion in its Answer of an affirmative defense that Plaintiff *lacks* standing to bring the claims against it. (Answer, ECF No. 3, at 6).

6

recovery relies on the *terms* of an ERISA plan, the mere fact that the claim is factually possible only in light of the existence of an ERISA plan does not suffice to establish preemption. *See Jewish Lifeline Network, Inc. v. Oxford Health Plans (NJ), Inc.*, Civ. A. No. 15-254 (SRC), 2015 WL 2371635, at *3 (D.N.J. May 18, 2015); *Peterson v. Cigna Ins. Co.*, Civ. A. No. 14-3818 (SRC), 2014 WL 4054120, at *2–3 (D.N.J. Aug. 15, 2014). A question often considered by the courts in examining a case for an independent legal duty is whether interpretation of an ERISA plan will form an essential part of resolving the claim. *See Pascack Valley Hosp.*, 388 F.3d at 402; *Peterson*, 2014 WL 4054120 at *2; *see also Jewish Lifeline Network, Inc.*, 2015 WL 2371635 at *3–4.

The Court, at this juncture, has no basis to discount completely Plaintiff's allegation that its claims are premised on distinct agreements with Defendant independent of underlying ERISA plans. Defendant's argument that there is presently no evidence of such independent agreements before the Court disregards both the very preliminary stage of the action, and consequent lack of discovery, and the caselaw establishing that *it* bears the burden of demonstrating federal jurisdiction. *See Peterson*, 2014 WL 4054120 at *3. The Complaint, though its allegations are somewhat sparse (as it was filed in accordance with non-federal pleading standards while in state court), adequately alleges legal duties distinct from any ERISA plan, and it is premature to address arguments regarding the merit of these allegations. *See Peterson*, 2014 WL 4054120 at *3. In its notice of removal and opposition to this motion, Defendant has failed to demonstrate the absence of an agreement independent of an ERISA plan or that interpretation of an ERISA plan will form an essential part of the claim.

### III. CONCLUSION

For the reasons stated above, this Court respectfully recommends that the motion to remand this action to the Superior Court of New Jersey, Law Division, Passaic County, be **GRANTED**.

Dated: October 27, 2016

*Leda Dunn Wettre*
**Leda Dunn Wettre**
**United States Magistrate Judge**

Original:     Clerk of the Court
cc:           Hon. Susan D. Wigenton, U.S.D.J.
              All Parties